Daniel, J.
If the plaintiff had in this case declared on the paper, of which proferí is made, as the joint bond of Roler, Crawford, Weller and John W. Roler, I am not prepared to say that such a declaration might not have been good: For though there are but two scrolls to the paper, one of which is opposite to the name of Weller and the other opposite to the name of John W. Roler, and though the names of Roler and Crawford are signed as a firm; yet it might be that each of the last named parties signed the paper, and adopted one of the scrolls upon it as his seal; or that one of them executed the paper as the bond of each, being duly authorized by the other so to do. The plaintiff, however, does not so treat the transaction, and, most probably, because the facts of the case would not justify him in so treating it. He declares on the paper as the promissory note of Roler & Crawford, and the bond of Weller and John W. Roler; and the simple question presented is whether upon such a paper a joint action of debt against all the parties will lie.
If such an action can be maintained it must be because the undertaking of the parties is either joint and several or merely joint. That it is not a joint and several undertaking, the plaintiff in error concedes in his petition, and such a conclusion necessarily follows from the language of the paper, “ We promise” &c. That it is not one joint undertaking is I think equally plain. The paper contains upon its face two instruments, and *65 its language is to be distributed and applied to each according to their respective characters. Roler & Crawford by their joint promissory note promise to pay the debt; and Weller and John W. Roler, by their joint bond, at the same time promise and bind themselves and their heirs to do the same thing. The undertakings of the two sets of contractors, are as distinct as if they had been evidenced by different papers.
Though the defendants in error have all agreed, at the same time, to pay the money; yet they have thought proper to sever in the use of the instruments selected to evidence that agreement. Two have expressly reserved to themselves the right to enquire into the consideration of the agreement; whilst the other two have estopped themselves from so doing. Roler &. Crawford upon the plea of “nil debet” might have shewn that the paper was without consideration; and if so they would have been discharged. Now, one of the most familiar rules governing joint actions is, that the discharge of one of the defendants upon a plea, going to the original merits of the cause of action, operates a discharge of all; and yet Weller and John W. Roler have by their contract estopped themselves from denying that there was a consideration ; and have in effect stipulated that, though want of consideration should in any way appear, they would still stand bound. To render judgment in such a supposed state of pleading, in favour of Roler & Crawford and against Weller and John W. Roler would be to violate the rule, in respect to joint actions, just above mentioned ; whilst on the other hand, to discharge the two latter, would be to give them the benefit of a defence, which, by giving a bond, they have voluntarily precluded themselves from making. I cannot think that such a conflict between a well settled rule of pleading and an equally well established law of contract, could arise in an action properly brought.
*66 Again, Weller and John W. Holer have expressly covenanted to pay the debt; whilst Holer & Crawford have at the same time assumed to do so. What is there ^ nature 0f the transaction to debar the plaintiff of a right to sue the two former in covenant or the two latter in assumpsit ? Such a right seems to me to be necessarily attached to the undertaking, and its establishment is wholly inconsistent with the idea of there being but one joint contract, upon which there must be a joint action against all the parties, if against any.
The question here is not one in respect to the joinder of actions, but of parties; not whether an action of debt on a bond and an action of debt on a note may not be joined, but whether two parties who have undertaken to pay a debt, by bond, may be sued as joint contractors with two others who have, at the same time undertaken to pay the same debt, by promissory note ; not, whether two distinct causes of action against the same parties may not be blended in one suit, but whether the two sets of parties have not united in a single cause of action. The settlement of the former question does not therefore tend in any degree to aid us in solving the latter.
It seems to me, that whilst the defendants in error have all contracted to pay the same debt, yet that the respective rights and responsibilities of the parties, growing necessarily out of the different instruments by which they have bound themselves, are of such a character that they could not, in case of a controversy, be litigated and adjudged in one action without doing violence to well established rules of pleading; and that the demurrer to the declaration on account of the improper joinder of parties ought to have been, as it was, sustained by the Court. I think therefore, that the judgment ought to be affirmed.
Moncure, J.
delivered the opinion of the Court.
The Court is of opinion, that the Circuit court erred *67 in sustaining the demurrer to the declaration. The contract on which the suit was brought is a joint contract. The defendants contracted together, with the plaintiff, for one and the same act, to wit, the payment of the debt in the declaration mentioned: and it appears on the face of the contract, that they intended to become jointly liable. The fact that there is no seal or scroll annexed to the signature of Roler & Crawford, and that there are scrolls annexed to the signatures of Benjamin Weller and John W. Roler, while it makes the instrument a promissory note as to the former, and a single bill obligatory as to the latter, does not change the joint nature of the contract. Without intending to decide in this case that several actions might not be maintained upon the instrument, regarding it in one action as the simple contract of Roler & Crawford, and in another as the specialty of Benjamin Weller and John W. Roler, the Court is yet of opinion that one action of debt may be maintained upon it against all of the joint contractors; each of whom will in such an action be entitled to make any defence which he might make in a separate action. In this way the intention of the parties is effectuated, multiplicity of actions is avoided, and no injury or inconvenience is occasioned to any person. Therefore it is considered, that the said judgment be reversed and annulled, and that the plaintiff recover against the defendants his costs by him expended in the prosecution of his writ aforesaid here. And this Court proceeding to give such judgment as the said Circuit court ought to have given, it is further considered, that the demurrer to the declaration be overruled, and that a trial be had of the issue in fact joined upon the plea of payment. And the cause is remanded to the said Circuit court for further proceedings to be had th*